# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KENNETH TREKELL | ) |
| Plaintiff, | ) |
| v. | ) No.: 4:18-CV-00662-DGK |
| TARGET CORPORATION, | ) |
| Defendant. | ) |

## ORDER GRANTING IN PART MOTION TO STRIKE AND AMENDING SCHEDULING ORDER

This personal injury case arises from a vehicular accident. Plaintiff Kenneth Trekell alleges that the driver of a tractor-truck pulling a Target-branded trailer caused an accident that resulted in his foot being fractured. The tractor-truck and trailer involved in the accident drove away without stopping, and the driver has not been identified. Defendant Target Corporation denies any liability stemming from the accident.

Now before the Court is Plaintiff's Motion to Strike Defendant's Supplemental Rule 26 Disclosures and Expert Designation, or in the Alternative, Motion to Amend Scheduling Order to Extend Discovery Deadlines and Motions to Strike Expert Designations (Doc. 43). Plaintiff argues Defendant's Rule 26 supplemental disclosures served on the last day of discovery are untimely and prejudiced him. Plaintiff asks the Court to strike the disclosures, or alternately, amend the scheduling order to allow him to conduct additional discovery and file Daubert motions. Defendant opposes the motion, contending the disclosures were timely and Plaintiff was already aware of the information.

The Court finds Defendant violated Rule 26 by failing to identify potential witnesses by name in the supplemental disclosure. These witnesses are excluded pursuant to Rule 37. For good cause shown, the Court also amends the scheduling order. This requires the trial date be reset, which the Court will do in a subsequent order.

Plaintiff's motion is GRANTED IN PART.

**Standard**

Federal Rule of Civil Procedure 26 imposes various duties on litigants to search for and disclose information during discovery, several of which are relevant here.[1] Rule 26(a) states that a party must provide "the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). The rule also requires the disclosing party to provide "a copy—or a description by category and location—of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Further, Rule 26(e) requires a party to supplement or correct these disclosure "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

---

[1] Conceivably applicable here is a duty imposed under Rule 26(g). Rule 26(g) requires an attorney of record to sign every disclosure made under Rule 26(a) certifying "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry," the disclosure is "complete and correct." "If a certification violates this rule without substantial justification, the court, on motion or on its own, *must* impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3) (emphasis added). Since neither party has discussed whether defense counsel made a reasonable inquiry before signing the initial Rule 26(a) disclosures, and nothing in the record suggests counsel did not do so, the Court declines to impose Rule 26(g) sanctions.

Rule 37 provides the consequences for failure to follow these rules. *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018) ("The disclosure mandates in Rule 26 are given teeth by the threat of sanctions in Rule 37.") "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden is on the potentially sanctioned party to prove harmlessness or justification. *Vanderberg*, 906 F.3d at 705. "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure" or impose other appropriate sanctions. Fed. R. Civ. P. 37(c)(1). This means a party must move for an alternative sanction before the court can consider an alternative sanction. Fed. R. Civ. P. 37(c)(1); *Vanderberg*, 906 F.3d at 705.

The Eighth Circuit stressed recently that "Rule 37(c)(1) makes exclusion of evidence the default, self-executing sanction for the failure to comply with Rule 26(a)." *Vanderberg*, 906 F.3d at 705. "[E]xclusion occurs automatically by operation of the rule; the rule permits, but does not require, the imposition of an alternative sanction on party's motion." *Id*. "In other words," if a party does not comply with the disclosure requirements in Rule 26(a), the information "is excluded unless the failure was substantially justified or harmless." *Id*. at 703. But the district court may, if either party moves for it, "impose an additional or alternative sanction." *Id*.

If a party moves for an alternative sanction, the district court enjoys wide discretion to fashion a remedy or sanction appropriate for the circumstances. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). In fashioning an alternate remedy, the court must consider "the reason

3

for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.* The court's discretion, however, narrows as the effective severity of the sanction increases. *Id.* If the sanction is tantamount to dismissal or would result in a one-sided trial, the district court "may need to first consider the possibility of lesser sanctions." *Vanderberg*, 906 F.3d at 704; *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011).

**Background**

Because the Court's decision turns on Defendant's conduct during discovery, the Court must recount that history in some detail.

On July 6, 2018, Plaintiff filed suit in the Circuit Court of Jackson County, Missouri. His petition alleged that at the time of the accident, the driver of the truck that hit him was driving in the course and scope of his employment with Defendant or at Defendant's direction and control. Pet. ¶ 9 (Doc. 1-1). Thus, Plaintiff argues Defendant was responsible for the driver's actions based on either a master/servant relationship, the doctrine of respondeat superior, and/or as joint-venturers. *Id.* ¶ 10.

Plaintiff served Defendant with his opening interrogatories and first request for production of documents on July 25, 2018, contemporaneously with the initial petition and summons. On August 22, 2018, Defendant removed the case to federal court.

On October 22, 2018, Defendant served its initial Rule 26 disclosures (Doc. 43-1). Defendant identified five witnesses: (1) the Plaintiff; (2) Connor Donaldson, an eyewitness to the accident; (3) Corey Sanders, a police officer who appears to have worked the accident scene; (4) Melissa Jolley, a claim manager for Hogan Transports, Inc. ("Hogan") who "may have"

4

information about the location of Hogan trucks that were hauling Defendant's trailers at the time of the accident; and (5) Brian Beets, a manager for Ruan Transportation ("Ruan") who "may have" information about the location of Defendant's trucks that were hauling Target trailers at the time of the accident.[2]  Def.'s Rule 26 Initial Disclosures at 1-2.  As for documents, Defendant disclosed Hogan and Ruan's GPS data.  *Id*. at 2.

Plaintiff re-served his opening interrogatories and first request for production of documents on October 24, 2018.  Over the following months, Plaintiff diligently pursued discovery but graciously agreed to defense counsel's repeated requests for extensions of time to produce discovery or to delay taking depositions.  Plaintiff also waited patiently for Defendant to provide discovery and identify dates for depositions.  For example, Plaintiff's counsel advised defense counsel of her intention to take a corporate representative deposition on December 20, 2018.  Over the following four months, Plaintiff's counsel contacted defense counsel no fewer than eighteen times by email and phone attempting to get a date to depose Defendant's corporate representative.  On April 16, 2019, defense counsel selected May 23 and 24, 2019, as possible dates for the corporate deposition.  Defendant designated Maria Olson as the corporate representative.

On April 1, 2019, the parties filed a joint motion to amend the scheduling order, which the Court granted on April 5, extending Defendant's deadline to designate experts to June 30, 2019, and moving the deadline to complete discovery to July 10, 2019.

Plaintiff deposed Ms. Olson on May 23, 2019.  During her deposition, she identified three carriers with whom Defendant contracts to make deliveries in the Kansas City area, testified that each carrier has on-site managers, and testified that Chris Prater was Defendant's market

---

[2] Although the record is unclear, some of these witnesses were apparently disclosed in Plaintiff's initial Rule 26 disclosures Plaintiff served on October 15, 2019, thus to some extent Defendant's disclosure merely mirrored Plaintiff's.

logistics manager. Ms. Olson also clarified and confirmed the ownership of the tractors and trailers Defendant used to ship goods, the type of freight transported by Target trailers, and the Defendant's furnishing and use of Target logos on trailers. Although Plaintiff had previously requested bills of lading from Defendant during discovery, and included this request in the corporate deposition notice, Defendant did not provide these documents at this time.

Prompted by information learned during the corporate representative deposition, Plaintiff moved for leave to file a first amended complaint adding a "logo liability" theory of liability on May 29, 2019. The proposed amended complaint added two sentences to the initial complaint: "That all Target trailers are identified by the Target logos which are furnished by Defendant Target Corporation and transport only regulated freight." Amended Compl. ¶ 11 (Doc. 38). "That under Missouri Law, Target Corporation is vicariously liable for the actions for the driver of the tractor trailer." Id. at ¶ 12.

Defendant opposed the motion, and the Court granted Plaintiff leave to amend.

On June 25, 2019—eleven months after Plaintiff served his initial discovery, and eight months after Plaintiff re-served it—Defendant served its responses to Plaintiff's First Request for Production of Documents and Opening Interrogatories.

On the very last day of discovery, July 10, 2019, Defendant served Plaintiff with Supplemental Rule 26 Disclosures (Doc. 43-2). Defendant formally disclosed eight additional witnesses or categories of witnesses: (1) an unnamed "on-site Carrier Manager" for Dart Transit Company ("Dart") who "may have" information about the location of Dart trucks hauling Defendant's trailers at the time of the accident; (2) Maria Olson, Defendant's corporate representative; (3) Chris Prater, Defendant's Market Logistics Leader, who "possesses information regarding the location of trucks hauling Target trailers" at the time of the accident;

(4) unnamed "Target Corporation representatives" who possessed "information regarding the location of trucks hauling Target trailers" at the time of the accident, "GPS data for such trucks and/or trailers, bills of lading" for goods delivered to Defendant's Kansas City area stores on the day of the accident, the locations of Defendant's stores in the Kansas City area, and Defendant's use of carriers for shipping goods; (5) expert witness Fred Semke; (6) "records custodians and/or representatives" for Hogan, Ruan, and Dart, who "have . . . GPS data showing location of trucks hauling Target trailers" at the time of the accident; (7) "representatives for any entity maintaining and/or providing GPS devices and/or GPS data for all trucks hauling Target trailers and Target trailers" at the time of the accident; and (8) Dr. Nathan Kiewiet, M.D. who "may have information regarding Plaintiff's claimed injuries and treatment." Def.'s Rule 26 Supp. Disclosures at 1-2.

As for documents in its possession, custody, or control that Defendant might use to support its defenses, the supplemental disclosure stated: (1) "Dart Transit Company, GPS data and/or documents recording the location of Dart" trucks hauling "Target trailers on the date/time of the subject accident"; (2) "Target Corporation, Bills of Lading for goods delivered to Target stores in the Kansas City Area on the date/time of the subject incident"; and "GPS data held by any entity maintaining or providing GPS devices and/or GPS data for all trucks hauling Target trailers and Target trailers on the date/time of the subject incident." *Id*. at 2.

It is unclear when Defendant produced these documents. It produced no bills of lading until after Ms. Olson's deposition, although the notice for the corporate representative's deposition asked for such documents.

**Discussion**

**I.     Defendant violated Rule 26 by failing to disclose the names of various individuals.**

Defendant argues in opposition to the motion:

> Plaintiff amended his complaint on July 3, 2019 to assert new allegations and Defendant supplemented its disclosures within one week. Moreover, all information contained in the supplemented disclosures was previously identified in Defendant's Initial Rule 26 Disclosures, Defendant's responses to discovery, and the deposition of Defendant representative, Maria Olson. Furthermore, there is no deadline to supplement[] Rule 26 disclosures contained in the Court's Scheduling Order. As Defendant's Supplemental Rule 26 Disclosure are timely and complete, the Court should deny Plaintiff's Motion to Strike.

Resp. in Opp'n at 5 (Doc. 47).

Defendant's suggestion that it fully complied with Rule 26 before Plaintiff filed his amended complaint and that only Plaintiff's assertion of a "logo liability" in the amended complaint triggered any duty to disclose the information in the supplemental disclosure is without merit. Defendant would have been obligated to disclose this information even if Plaintiff had not amended his complaint. Both the initial and the amended complaint allege Defendant is liable because it is responsible for the driver's actions. Consequently, any evidence—such as GPS data—that tends to show Defendant did not have any trucks or trailers in the area at the time of the accident, and so by inference no truck drivers it was responsible for in the area, would be information Defendant might use to support its claims or defenses under either the initial or amended complaint.

Likewise, Defendant's suggestion that its supplemental disclosures are timely because the Scheduling Order contains no deadline to provide supplemental disclosures is unavailing. Rule 26 provides that disclosures must be "timely." What "timely" means in a given case depends on a variety of case-specific factors, including when the disclosing party became aware of the

information. Even if the scheduling order contains a deadline for making supplemental disclosures, a party that learns of crucial information after the deadline has passed still has a duty to disclose it. Conversely, an otherwise untimely disclosure does not become timely simply because there is no deadline in a scheduling order to provide it.

Defendant's argument that there was no Rule 26 violation here because all the information in the supplemental disclosure had been provided previously to Plaintiff during the discovery process has some merit. The Court finds Plaintiff learned of the information held by Maria Olson and Chris Prater no later than Ms. Olson's deposition, and so Defendant did not violate Rule 26 with respect to their disclosure. Although Plaintiff learned of the information these witnesses may have possessed relatively late in the discovery process, about six weeks before the close of discovery, the Court cannot say that it was untimely. As for Fred Semke and Dr. Nathan Kiewiet, M.D., they were timely disclosed as experts under the Court's scheduling order, and they were not required to be disclosed any earlier. Thus, Defendant did not violate Rule 26 with respect to the foregoing witnesses.

The purported "disclosure" of the remaining individuals and classes of individuals in the supplemental disclosure, however, does not comply with Rule 26. These unnamed individuals are: the "on-site Carrier Manager" employed by Dart; the "Target Corporation representatives" who may possess information on a wide variety of topics; the "representatives" for Hogan, Ruan, and Dart, who have GPS data showing the location of trucks hauling Target trailers on the day of the accident; and "representatives for any entity maintaining and/or providing" GPS devices and GPS data. The supplemental disclosure of these witnesses does not identify them by name and so violates Rule 26. And given that discovery has closed, any belated attempt to identify such witnesses by name would be untimely.

With respect to the documents identified in the supplemental disclosure, the Court finds no violation. Defendant contends it complied with Rule 26 "by providing the category and believed location of such documents." Resp. at 5. Plaintiff does not dispute that Defendant identified these documents by category and location but asserts the disclosure of the bills of lading was nonetheless untimely because they were not produced on or before the corporate representative's deposition on May 23.

Although producing copies of documents is one way to comply with Rule 26(a)(1)(A)(ii), so is providing a description of the documents by category and location, which Plaintiff does not dispute Defendant did here. Consequently, the documents portion of the supplemental disclosure complies with Rule 26.

## II. The violation was neither substantially justified nor harmless.

Once the court determines there has been a violation, the burden is on the potentially sanctioned party to prove justification or harmlessness in order to avoid a sanction. *Vanderberg*, 906 F.3d at 705. While Defendant has vigorously denied any violation, it has not argued that any violation was justified or harmless.

Nor could it. Nothing in the record indicates any violation was justified, and Plaintiff was harmed since discovery closed on the day Plaintiff received the supplemental disclosure, so he has little ability to learn what these witnesses might know. Accordingly, the Rule 26 violation was neither justified or harmless.

## III. The unnamed witnesses are excluded as a sanction.

Exclusion is the "default, self-executing" sanction for failure to comply with Rule 26(a), and Defendant has not indicated that excluding these unnamed individuals would be tantamount to dismissal or result in a one-sided trial. *Vanderberg*, 906 F.3d at 705. Granted, the Court

could reopen discovery as a sanction, but while that would ameliorate the harm, it would not penalize Defendant for its violation. Accordingly, the Court will prohibit Defendant from calling the following witnesses to supply evidence on a motion, at a hearing, or at a trial: Any witness not identified by name in either of Defendant's Rule 26 disclosures who is, or at the relevant time was: (1) a manager for Dart; (2) employed by Target and Defendant proposes the witness testify about the location of trucks hauling Target trailers at the time of the accident, or GPS data for such trucks and/or trailers, or bills of lading for goods delivered to Defendant's Kansas City area stores on the date/time of the accident, or the locations of Defendant's stores in the Kansas City area, or Defendant's use of carriers for shipping goods; (3) employed by Hogan, Ruan, or Dart, and Defendant proposes the witness testify about GPS data showing the location of trucks hauling Target trailers on the day of the accident; or (4) a representative of any entity maintaining or providing GPS devices and GPS data for trucks hauling Target trailers or Target trailers on the day of the accident.

**IV.     The Court also grants Plaintiff's alternate motion to amend the scheduling order.**

The Court now turns to Plaintiff's alternate request to amend the scheduling order to extend the deadlines to conduct discovery and file motions to strike expert designations.

Federal Rule of Civil Procedure 16(b)(4) allows scheduling amendments "only for good cause and with the judge's consent." *See also* L.R. 16.3(b); *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id.* In weighing a request to amend the scheduling order, the Court also considers any prejudice to the non-moving party. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2010).

The Court finds Plaintiff has diligently complied with the Court's scheduling order, and that amending the scheduling order to allow Plaintiff the opportunity to conduct discovery into Defendant's last-minute disclosures and file motions related to them would advance the interests of justice by ensuring that this case is decided on the merits. It will also ensure that Plaintiff would not be effectively punished for extending professional curtesy to defense counsel by agreeing in good faith to Defendant's delays and repeated requests for extensions of time. It will also ensure Defendant is not rewarded for its opportunistic, and arguably even calculated, behavior during discovery.

The scheduling order is hereby amended as follows:

1. Discovery is reopened and shall be completed on or before April 6, 2020. To ensure Plaintiff has ample opportunity to conduct discovery related to the documents disclosed in Defendant's supplemental disclosure, Plaintiff shall be permitted to re-depose Defendant's corporate representative.

2. Discovery motions shall be filed on or before March 16, 2020.

3. Expert discovery shall be completed on or before March 2, 2020.

4. Discovery motions related to expert discovery shall be filed on or before February 18, 2020.

5. Motions to strike expert designations shall be filed on or before March 16, 2020.

6. The pending dispositive motion is denied without prejudice, and the deadline to file dispositive motions is reset. Dispositive motions shall be filed on or before April 13, 2020.

7. The Court will issue a new date for the trial and pre-trial conference in a subsequent order.

## Conclusion

For the reasons discussed above, the Court finds Defendant violated Rule 26 and certain witnesses are excluded pursuant to Rule 37.

For good cause shown, the Court also amends the scheduling order. The Court will reset the trial date in a subsequent order.

Plaintiff's motion (Doc. 43) is GRANTED IN PART.

**IT IS SO ORDERED.**

Date:  December 16, 2019  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT