IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

KENNETH TREKELL,

    Plaintiff,

vs.

TARGET CORPORATION,

    Defendant.

CASE NO. 4:18-CV-00662-DGK

## DEFENDANT TARGET CORPORATION'S SUGGESTIONS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Target Corporation ("Target"), by and through its counsel of record, and states to the Court the following in support of its Motion for Summary Judgment:

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ 1
I.   INTRODUCTION ............................................................................................................. 3
II.  STATEMENT OF UNCONTROVERTED MATERIAL FACTS ........................................ 3
III. ARGUMENT AND AUTHORITIES .................................................................................. 5
   A.  Standard of Review ..................................................................................................... 5
   B.  Plaintiff cannot establish a claim of negligence against Target based on "Logo Liability" because Target is not a carrier. ................................................................................ 7
   C.  Plaintiff has failed to plead or present evidence necessary to support a claim of respondeat superior against Target. ............................................................................... 9
   D.  Plaintiff has failed to plead or present evidence necessary to support a claim that Target was part of a joint venture. ................................................................................... 11
IV. CONCLUSION ................................................................................................................ 13

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ....... 5, 6

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ................... 5, 6

*City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268 (8th Cir. 1988) ............. 5

*Ghane v. West*, 148 F.3d 979 (8th Cir. 1998) ................................................................................ 6

*Horner v. FedEx Ground Package System Inc.*, 258 S.W.3d 532 (Mo. App. W.D. 2008) .. 8, 9, 11

*Jeff-Cole Quarries, Inc. v. Bell*, 454 S.W.2d 5 (Mo. 1970) ............................................................ 12

*Johnson v. Bi-State Development Agency*, 793 S.W.2d 864 (Mo. banc 1990) ............................. 10

*Johnson v. Pacific Intermountain Express Co.*, 662 S.W.2d 237 (Mo. banc 1983) ....................... 9

*Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845 (8th Cir. 2000) .......................................... 6

Kaplan v. U.S. Bank, N.A., 166 S.W.3d 60 (Mo. App. 2003) ....................................................... 10

*Lee v. Pulitzer Publishing Co.*, 81 S.W.3d 625 (Mo. App. E.D. 2002) ....................................... 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ...................................... 6

*Noah v. Ziehl*, 759 S.W.2d 905 (Mo. App. E.D. 1988) ................................................................ 10

*Olson v. Pennzoil Co.*, 943 F.2d 881 (8th Cir. 1991) ..................................................................... 6

*Parker v. Midwestern Distribution, Inc.*, 797 S.W.2d 721 (Mo. App. E.D. 1990) ......................... 8

*Reliance Nat. Ins. Co. v. Royal Indem. Co.*, No. 99 Civ. 10920 NRB, 2001 WL 984737
   (S.D.N.Y. Aug. 24, 2001) ............................................................................................................ 8

*Robertson v. Cameron Mut. Ins. Co.*, 855 S.W.2d 442 (Mo. App. E.D. 1993) .......................... 8, 9

*Rosenfeld v. Brooks*, 895 S.W.2d 132 (Mo. App.1995) ............................................................... 12

*State ex rel. Henley v. Bickel*, 285 S.W.3d 327 (Mo. 2009) ........................................................ 12

*Trinity Lutheran Church v. Lipps*, 68 S.W.3d 552 (Mo. App. E.D. 2001) .................................. 10

*Vargas v. FMI, Inc.*, 233 Cal. App. 4th 638 (Cal. App. 2015) ....................................................... 8

**Rules**

Fed. R. Civ. P. 56(c) ........................................................................................................................ 5

## I. INTRODUCTION

This is a personal injury action arising out of a vehicular accident on February 18, 2018 (the "Incident") at or near the intersection of 27th Street and Southwest Trafficway in Kansas City, Jackson County, Missouri. Plaintiff alleges that a tractor-trailer pulled out in front of the vehicle being driven in front of Plaintiff as Plaintiff was riding on a motorcycle. Plaintiff states he then struck the vehicle in front of him with his motorcycle and was thrown forward over that vehicle and had his foot run over by the tractor-trailer. The driver of the tractor-trailer has not been identified. Plaintiff alleges that the negligence of the driver of the truck caused the Incident and that Target is liable for the negligence of the driver because Plaintiff claims to have seen a Target logo on the trailer being pulled by the truck.

As more fully set forth below, there is no genuine dispute as to any material fact, and Target is entitled to judgment as a matter of law because (1) Target is not a carrier and, thus, Plaintiff cannot establish a claim of negligence against it on the basis of "Logo Liability;" (2) Plaintiff is unable to present evidence to establish any of the elements of liability under the theory of respondeat superior; and (3) Plaintiff cannot present any evidence to support a claim of liability under the theory of joint venture. As such, summary judgment for Defendant Target is appropriate.

## II. STATEMENT OF UNCONTROVERTED MATERIAL FACTS

1. Plaintiff Kenneth Trekell alleges to have been injured in a vehicular accident at or near the intersection of 27th Street and Southwest Trafficway in Kansas City, Jackson County, Missouri, after a tractor-trailer turned onto Southwest Trafficway in front of the car that was being driven in front of Plaintiff on his motorcycle. (Doc. 38, Plaintiff's First Amended Petition for Damages, ¶¶ 5, 6, and 7).

2. Plaintiff further alleges that the subject truck-tractor was transporting a Target

trailer. (Doc. 38, ¶¶ 6 and 9).

3. Target did not own any truck-tractors located in or travelling through the Kansas City, Missouri metropolitan area on February 18, 2018. (Ex. 1, Defendant Target Corporation's Answer to Plaintiff's Opening Interrogatories, Interrogatory No. 1).

4. Target did not employ any truck drivers located in or travelling through the Kansas City, Missouri metropolitan area on February 18, 2018. (Ex. 1, Interrogatory No. 1; Exhibit 2, Deposition of M. Olsen, 33:11-12).

5. The drivers of the truck-tractor that pull all Target trailers are not Target employees. (Exhibit 2, 33:11-12).

6. Target contracted with three certified carriers, Dart Transit Company, Hogan Dedicated Services, LLC, and Ruan Transportation Corporation, to make deliveries to its stores in the Kansas City, Missouri metropolitan area in February 2018. (Ex. 1, Interrogatory No. 1).

7. Target was not a certified carrier on or before February 18, 2018. (Exhibit 2, 33:19-22).

8. On or before February 18, 2018, Target did not place signs of any kind on any trailer stating that Target was a certified carrier or identifying Target as a certified carrier. (Exhibit 2, 51:4-14).

9. No witness who has been deposed or identified was able to identify any Target logos on the subject truck-tractor. (Exhibit 3, 35:1-12, 59:13-21; Exhibit 4, 72:4-24; Exhibit 5, 16:19-22, 26:14-16; Exhibit 6, 42:8-19.)

## III. ARGUMENT AND AUTHORITIES

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The Supreme Court has noted that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Id*. at 327 (quoting Fed. R. Civ. P. 1). "By its very terms, [Rule 56(c)(1)] provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Further, if the nonmoving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The burden of proof in a motion for summary judgment is placed on the moving party to establish the "non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After

the moving party discharges this burden, the nonmoving party must set forth specific facts showing that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To meet its burden, the nonmoving party may not merely rest upon allegations or denials in its pleadings, but must set forth specific facts by affidavits or otherwise showing that there is a genuine issue for trial. *Ghane v. West*, 148 F.3d 979, 981 (8th Cir. 1998). In fact, the nonmoving party must show there is sufficient evidence favoring the nonmoving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 334. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

Finally, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id*.

Plaintiff espouses the following theories of liability against Target: (1) Target Corporation is vicariously liable for the actions of the driver of the tractor trailer on the basis that all Target trailers are identified by the Target logos which are furnished by Defendant Target Corporation and transport only regulated freight; and (2) Defendant Target Corporation, as the employer and/or master of the driver of the tractor trailer is responsible for the actions of its employees and agents, based on a master/servant relationship and/or the doctrine of respondeat superior, and/or as joint ventures. (Doc. 38, Plaintiff's First Amended Petition for Damages, ¶¶ 9, 10, 11, and 12.) As discussed *infra*, Plaintiff cannot succeed on these legal theories under the undisputed facts of this

case and Target Corporation is entitled to judgment as a matter of law on all claims brought against them in this matter.

    **B.**    **Plaintiff cannot establish a claim of negligence against Target based on "Logo Liability" because Target is not a carrier.**

"Concerned that interstate motor carriers were attempting to immunize themselves from tort liability by leasing trucking equipment from third parties, in the 1950's the United States Congress amended the Interstate Commerce Act and authorized the Interstate Commerce Commission ("ICC") to adopt regulations governing leased equipment. [Citation omitted.] Recognizing the fundamental purpose of the ICC regulations, the Missouri Supreme Court noted:

> 'Insofar as we are immediately concerned, one of the principal abuses that developed ... was the practice whereby authorized motor carriers leased equipment from others and engaged the owners or someone for them to drive and operate the equipment as independent contractors to transport cargo for the authorized carriers. The leases were usually for a single trip or for short duration and the independent contractors were often unreliable. This practice created economic abuses and legal problems which brought on legislation and regulations designed to prevent the authorized motor carriers from delegating the performance of their franchise duties to independent contractors and from engaging in ruinous competition and evading their public responsibilities.' [Citation omitted.]

Following amendments to the Interstate Commerce Act and adoption of the ICC's implementing regulations, the *Brannaker* Court explained that '[t]he legal effect of

7

the lease arrangement was that the carrier-lessee became liable for the negligence of the owner-driver of the leased equipment to the same extent it was responsible for the negligence of one of the lessee's own drivers when operating the carrier's own equipment.' [Citation Omitted.] It is against this regulatory backdrop that the issue of [vicarious liability based on the theory of logo liability] arises."

*Horner v. FedEx Ground Package System Inc.*, 258 S.W.3d 532, 535-36 (Mo. App. W.D. 2008).

In Missouri and courts around the country, logo liability is exclusively applied when the defendant is a **certified carrier** and their logo or placard are identified **on the subject truck-tractor**. *See Robertson v. Cameron Mut. Ins. Co.*, 855 S.W.2d 442, 449-50 (Mo. App. E.D. 1993) (recognizing that the carrier's placard or signage had to be attached to the tractor for vicarious liability to attach to the carrier); *Parker v. Midwestern Distribution, Inc.*, 797 S.W.2d 721, 722 (Mo. App. E.D. 1990) (recognizing logo liability applied when the carrier had its logo identified on the truck-tractor and having as a jury instruction that the signage had to be on the tractor at the time of the collision for liability to attach to the carrier); *Vargas v. FMI, Inc.*, 233 Cal. App. 4th 638, n.2 (Cal. App. 2015) (recognizing that placard liability, which is also known as logo liability, operates to hold federally authorized carriers that are licensed by the United States Department of Transportation and display the USDOT certificate number on their truck-tractors, vicariously liable for the negligence of drivers operation under a lease and that the point of logo liability "is to make a carrier liable for those injuries caused to the traveling public which arise out of the negligent operation of any vehicle leased to it and operated under its ICC permit"); *Reliance Nat. Ins. Co. v. Royal Indem. Co.*, No. 99 Civ. 10920 NRB, 2001 WL 984737, at *7 (S.D.N.Y. Aug. 24, 2001) (recognizing that Logo liability is a species of vicarious liability by which a carrier is liable as a matter of law for injuries caused by a leased truck's negligence, where that truck-tractor

bears the carrier's ICC logo).  The defendant being a **certified carrier** and their logo or placard being identified **on the subject truck-tractor** are essential elements because the entire basis of logo liability is to prevent a carrier from insulating itself from liability by leasing a tractor.  *See Horner*, 258 S.W.3d at 535-36.  When a plaintiff is making a claim for logo liability in Missouri, a **certified carrier** may only be held liable for the driver's negligence if: (1) the sign or identifying legend was furnished by **the carrier** in connection with a lease; (2) the **sign was on the truck at the time of the accident**; and (3) the truck was hauling regulated freight at the time of the accident.  *Robertson*, 855 S.W.2d at 449-50 *citing Johnson v. Pacific Intermountain Express Co.*, 662 S.W.2d 237, 245 (Mo. banc 1983), *cert. denied*, 466 U.S. 973, 80 L. Ed. 2d 822, 104 S. Ct. 2349 (1984) (emphasis added).

Plaintiff's theory of logo liability fails for following reasons.  First, Target has never been a certified carrier and, in fact, Plaintiff does not plead or allege in his Petition that Target was a certified carrier at any time.  Second, Target has never possessed any signs or placards identifying it as a certified carrier nor has it ever placed signs of any kind on any truck or trailer identifying it as a certified carrier.  As such, Target cannot be vicariously liable for actions of an unknown truck driver because it is impossible for such a truck to bear a sign identifying Target as the carrier in connection with its lease.  Moreover, while Plaintiff may allege that he saw a Target logo on the subject trailer, he does not claim that he can identify the carrier in connection with the lease of the truck pulling the trailer or any sign on the truck nor do any individuals identified by Plaintiff so claim.  Therefore, as established by the facts, Plaintiff cannot support the essential elements of his claim of vicarious liability and Defendant Target is entitled to judgment as a matter of law.

    **C.**    **Plaintiff has failed to plead or present evidence necessary to support a claim of respondeat superior against Target.**

As Plaintiff has failed to establish or even plead facts necessary to support a claim of negligence against Target through vicarious liability, his blanket assertion of respondeat superior without any supporting allegations, or facts for that matter, fails as well. Specifically, Target is not a carrier nor does it employ any truck drivers and as such, a claim of respondeat superior cannot be supported.

The doctrine of respondeat superior holds an employer liable for the torts committed by its employees while they are acting within the scope of employment. *Noah v. Ziehl*, 759 S.W.2d 905 (Mo. App. E.D. 1988). An employer generally is not held vicariously liable, however, for the acts of independent contractors, who are not considered employees for purposes of respondeat superior. *Kaplan v. U.S. Bank, N.A.,* 166 S.W.3d 60, 66 (Mo. App. 2003). When one contracts to do a piece of work by his own methods and not subject to the control of an another except as to the result, he is an independent contractor and the other person cannot be held vicariously liable under the doctrine of respondent superior. *Id.*

Respondeat superior is inapplicable unless a master-servant relationship exists. *Trinity Lutheran Church v. Lipps*, 68 S.W.3d 552, 557 (Mo. App. E.D. 2001). A master-servant relationship exists when the person sought to be charged as master had the right or power to control and direct the physical conduct of the other while working. *Id*. If there is no right to control, there is no liability; those rendering services but retaining control over their own movements are not servants. *Lee v. Pulitzer Publishing Co.*, 81 S.W.3d 625, 631 (Mo. App. E.D. 2002).

The master-servant relationship is a question of law for the court when the material facts from which the relationship is to be inferred are not in dispute and lead to only one reasonable conclusion. *Johnson v. Bi-State Development Agency*, 793 S.W.2d 864, 867 (Mo. banc 1990). "That the parties' theories differ as to the legal effect of those material undisputed facts does not

create a fact issue for the jury." *Horner*, 258 S.W.3d at 537. "Thus, although the parties' opinions regarding [a defendant's] vicarious liability are diametrically opposed, the issue [] is how the law applies to the undisputed facts." *Id.*

Target did not employ any truck drivers on the day of the Incident; therefore, the unknown truck driver was not employed by Target and certainly could not have been acting in course of his employment with Target. Target contracts with independent certified carriers, over whom it has no control, to make deliveries to its stores in the Kansas City metropolitan area. Target has no right to control or direct the physical conduct of drivers employed by such carriers and as such, there is no master-servant relationship between Target and any truck driver. In any event, Plaintiff has not even identified over whom he alleges Target controlled.

Plaintiff cannot establish a claim of respondeat superior against Target because it did not employ truck drivers, nor did it exercise control over any driver on the day of the Incident. As Plaintiff has failed to establish any of the necessary elements of a claim of respondeat superior, Target is entitled to summary judgment.

**D.  Plaintiff has failed to plead or present evidence necessary to support a claim that Target was part of a joint venture.**

As noted above, Target is not a carrier so any claim against it for vicariously liability through some alleged, unknown driver fails. Moreover, Target could not have formed a joint venture with some unknown truck driver because it is not a carrier, nor does it employ drivers or contract with drivers to lease their vehicles. Finally, Plaintiff cannot prove a joint venture with an unknown and/or unascertained person serving as one side to the purported joint venture.

Generally, to state a claim against defendants as a joint venture, plaintiff's petition must allege the following: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of interests among the group

11

in that purpose; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control. *State ex rel. Henley v. Bickel*, 285 S.W.3d 327 (Mo. 2009). Under Missouri law, a joint venture is "an association of two or more persons to carry out a single business enterprise for profit, for which they combine their property, money, effects, skill, and knowledge. *Jeff-Cole Quarries, Inc. v. Bell*, 454 S.W.2d 5, 14 (Mo. 1970). A joint venture is created by express agreement when parties make "explicit promises" to engage in a joint venture. *Rosenfeld v. Brooks*, 895 S.W.2d 132, 135 (Mo. App.1995). The existence of a different type of express contract is inconsistent with a claimed relationship of a joint venture by implication. *Jeff-Cole Quarries, Inc.*, 454 S.W.2d at 16.

In his Petition, Plaintiff claims that Target is liable as a joint-venturer, but he does not identify the driver or company with whom he alleges Target formed a joint venture. Missouri law requires there to be an agreement between parties to carry out a common purpose and an equal right of control among parties. Plaintiff cannot identify the owner of the truck-tractor, driver of the truck-tractor, or any agreements that may have been made between Target and the anonymous owner and/or driver of the truck-tractor. Thus Plaintiff cannot prove any sort of explicit promises were made and cannot prove there was an express contract. And while Plaintiff may point to the contracts between Target and its three certified carriers –Dart Transit Company, Hogan Dedicated Services, LLC, and Ruan Transportation Corporation– as a basis for claiming there was an express joint venture, Plaintiff cannot prove the truck belonged to or was being operated by any of those three carriers or their respective employees. Additionally, Target is not a carrier, nor does it employ drivers and as such, Plaintiff has not and cannot establish any agreement between Target and any other party to form a joint venture. Rather, Target contracts with independent certified carriers to transport its trailers. Accordingly, Plaintiff has failed to present or plead any evidence

supporting any of the requisite elements of a claim of liability through joint venture. Thus, Target is entitled to summary judgment.

IV. **CONCLUSION**

WHEREFORE, Defendant Target Corporation respectfully requests that the Court enter summary judgment for it and against Plaintiff as to all claims contained in Plaintiff's Petition for Damages and for such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

**BATY OTTO CORONADO PC**

/s/ *Theresa A. Otto*
Theresa A. Otto	MBN 43453
Morgan L. Simpson	MBN 71461
4600 Madison Avenue, Suite 210
Kansas City, MO 64112-3019
Telephone:	(816) 531-7200
Facsimile:	(816) 531-7201
totto@batyotto.com
msimpson@batyotto.com
ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF FILING**

I do hereby certify that a true and accurate copy of the foregoing document was served via the Court's ECF Notification System on this 13th day of April, 2020, to the following:

Leah M. Mason
EDELMAN & THOMPSON, LLC
3100 Broadway, Suite 1400
Kansas City, MO 64111
Telephone:     (816) 561-3400
Facsimile:     (816) 561-1664
lmason@etkclaw.com


*/s/ Theresa A. Otto*
Attorneys for Defendant